

Travis S. Hunter
302-651-7564
hunter@rlf.com

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the
 District of Delaware
844 North King Street
Wilmington, Delaware 19801

>Re: *Crystallex International Corp. v. Petróleos de Venezuela, S.A. et al.*, No. 15-1082-LPS ("*Crystallex I*"); *Crystallex International Corp. v. PDV Holding, Inc., et al.*, No. 16-1007-LPS ("*Crystallex II*")

Dear Chief Judge Stark:

I write with the consent of all parties in accordance with the Court's order of November 30, 2018 requiring the parties submit a joint status report in *Crystallex International Corp. v. Petróleos de Venezuela, S.A., et al.*, C.A. No. 15-1082-LPS ("*Crystallex I*") and *Crystallex International Corp. v. PDV Holding, Inc., et al.*, C.A. No. 16-1007-LPS ("*Crystallex II*") (the "*Related Cases*").

On November 30, 2018, the Court stayed the *Related Cases* until the Court lifts the stay in the *Crystallex Asset Proceeding*, *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-00151-LPS, or until the Court "enters some other order lifting the stay in one or more of the *Related Cases*." D.I. 132. The same order required the parties in the *Related Cases* to submit a joint status report no later than seven (7) days after the filing of any joint status report filed in the *Crystallex Asset Proceeding*. As a joint status report was filed in the *Crystallex Asset Proceeding* on October 11, 2019, the parties in the *Related Cases* have conferred and set forth below a brief status report, followed by their respective positions on next steps in these actions.

**Crystallex's Position:**

On July 29, 2019, the Third Circuit affirmed this Court's August 9, 2018 order granting the Writ, dismissed as moot PDVSA's second appeal, and denied PDVSA's petition for a writ of mandamus. Precedential Opinion, Nos. 18-2797, 18-3124, at 6, 44 (3d Cir. July 29, 2019), Doc. 3113304271. On September 26, 2019, PDVSA and Venezuela filed petitions for panel rehearing or rehearing en banc. Pet. for Panel Reh'g or Reh'g En Banc, Nos. 18-2797, 18-3124 (3d Cir. Sept. 26, 2019), Doc. 3113359542 (PDVSA); Pet. for Panel Reh'g or Reh'g En Banc, Nos. 18-2797, 18-3124 (3d Cir. Sept. 26, 2019), Doc. 3113359593 (Venezuela). On September 30, 2019, the Third Circuit issued an order granting Crystallex's motion to lift the stay of District Court proceedings. Order Granting Mot. to Lift Stay, Nos. 18-2797, 18-3124 (3d Cir. Sept. 30, 2019), Doc. 3113360907. Accordingly, the *Crystallex Asset Proceeding* may recommence without delay. Additional motions concerning Crystallex's writ of attachment and its anticipated motion for the sale of PDVSA's shares in PDVH to satisfy Crystallex's judgment are expected once this Court confirms the lifting of its separate stay of the Crystallex Asset Proceeding.

The Honorable Leonard P. Stark
October 18, 2019
Page 2

As the Court is aware, it previously stayed proceedings in *Crystallex I* and *Crystallex II* pending the Court's decision in the *Crystallex Asset Proceedings*. (Crystallex I, D.I. 109; Crystallex II, D.I. 62.) The Court recognized that continued prosecution of these actions may be rendered unnecessary if Crystallex prevails in enforcing its judgment through the *Crystallex Asset Proceeding*. While Crystallex is prepared to amend its complaint in *Crystallex I* in accordance with the Third Circuit's guidance and to continue to prosecute *Crystallex II*, those efforts may be unnecessary if, as hoped and expected, Crystallex's judgment is satisfied through the sale of the shares of PDVH that have been attached as a result of the *Crystallex Asset Proceeding*. In the interest of judicial economy, Crystallex respectfully submits that the Court should continue to stay *Crystallex I* and *Crystallex II* pending resolution of the *Crystallex Asset Proceeding*.

**PDVSA's Position**

It is PDVSA's position that no joint status report is presently due to this Court for the same reasons set forth by PDV Holding, Inc.

In the event that the Court believes that a report is due, PDVSA agrees with Crystallex that the Court should continue its stay of *Crystallex I* and *Crystallex II* pending resolution of the *Crystallex Asset Proceeding*.

**PDVH Position:**

PDV Holding, Inc. ("PDVH") contends that no joint status report is presently due to this Court. On November 30, 2018, the Court extended its stay over *Crystallex I & II* pending dissolution of the stay the Court entered in the *Crystallex Asset Proceeding* (No. 17-mc-151). *Crystallex I* 114. The Court directed the parties in *Crystallex I & II* to file a joint status report only after (1) the *Crystallex Asset Proceeding* stay is lifted, (2) the parties to the *Crystallex Asset Proceeding* file their own joint status reports fourteen days thereafter, and (3) seven days elapse from the date of the *Crystallex Asset Proceeding* joint status reports. *Id.* These events have not occurred.

The *Crystallex Asset Proceeding* is currently stayed pending "the Third Circuit's disposition of the petition for writ of mandamus and the consolidated appeals" in that matter. *Id.* A panel of the Third Circuit issued an opinion in the *Crystallex Asset Proceeding* appeal in July 2019, but the Third Circuit's mandate has not yet issued because PDVSA and the Republic of Venezuela have petitioned for panel rehearing and rehearing en banc. The rehearing petition was fully briefed as of October 15, 2019, and the Third Circuit has not yet determined whether to rehear the matter. Until the Third Circuit resolves the pending petition and issues its mandate, it has not "dispos[ed]" of the *Crystallex Asset Proceeding*, and this Court's stay of *Crystallex I & II* thus remains in place.

On October 4, 2019, this Court requested a status report from the parties in the *Crystallex Asset Proceeding* within seven days; the requested joint status report was submitted on October 11, 2019. In that filing, all parties in the *Crystallex Asset Proceeding*—including Crystallex—made clear that they understood the stay entered on November 30, 2018 by this Court had not yet been lifted as of October 11, 2019. Moreover, the Court's October 4 Order did not reference its November 30, 2018 Order in this case and did not purport to lift the stay of the *Crystallex Asset Proceeding*, *Crystallex I & II*, and *ConocoPhillips I & II*. Indeed, the October 4, 2019 Order cannot be read as invocation of the November 30, 2018 obligations, as the November 30 Order would have given the *Crystallex Asset Proceeding* parties fourteen days—not seven—to file a joint status report. Thus, the joint status report filed in the *Crystallex Asset Proceeding* last week did not trigger the parties' obligations under the Court's November 30 Order in *Crystallex I& II* to file a joint status report today.

Nevertheless, to avoid any risk of waiver, PDVH provides the following update on these proceedings:

PDVH's last submission to this Court requested a stay of proceedings pending the appeal of the *Crystallex Asset Proceeding*. D.I. 113 (Nov. 27, 2018). This Court entered such a stay on November 30, 2018. D.I. 114. PDVH agrees with Crystallex that the Court should continue its stay of these proceedings pending resolution of the *Crystallex Asset Proceeding*.

**RTSA's Position:**

Nothing in the Third Circuit's opinion in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 18-2797 (3d Cir. July 29, 2019) (the "Crystallex Attachment Appeal"), changes RTSA's position regarding the disposition of this matter. As RTSA explained in the Joint Status Report filed on August 24, 2018 (D.I. 64), the Third Circuit's January 2018 decision reversing this Court's order denying PDVH's motion to dismiss in Crystallex I (the "Crystallex DUFTA Appeal") warrants immediate dismissal of this case with prejudice as to RTSA as well as immediate dismissal of Crystallex I.

The Third Circuit held in the Crystallex DUFTA Appeal that Crystallex's "non-debtor transferor" theory of liability under DUFTA fails as a matter of law, and RTSA respectfully maintains that this legal deficiency cannot be cured by amendment. The law of the Crystallex DUFTA Appeal is clear—a transfer is actionable under DUFTA only if it is made by the debtor itself—and the Third Circuit's conclusion in the Crystallex Attachment Appeal that PDVSA is the alter ego of the Republic of Venezuela for purposes of post-judgment attachment has no bearing on the fundamental non-viability of Crystallex's DUFTA claim against RTSA. After all, Crystallex has never alleged that PDVH (the alleged transferor) is the alter ego of PDVSA or Venezuela, despite having years to investigate and plead such allegations, nor has it tied the

fraudulent transfer alleged against RTSA in this case to any "claim" other than the failed claims in Crystallex I.  Both Crystallex I and Crystallex II should be dismissed with prejudice forthwith.

*   *   *

Counsel are available if the Court has any questions.

Respectfully submitted,

*/s/ Travis S. Hunter*

Travis S. Hunter (#5350)

cc:  All Counsel of Record (via ECF)