PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

500 DELAWARE AVENUE, SUITE 200, POST OFFICE BOX 32, WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

WRITER'S DIRECT DIAL NUMBER
(302) 655-4425

WRITER'S DIRECT E-MAIL ADDRESS
dmason@paulweiss.com

WRITER'S DIRECT FACSIMILE
(302) 261-7884

March 18, 2022

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801

      *Crystallex International Corp.* v. *PDV Holding, Inc., et al.,*
      No. 1:16-cv-01007-LPS ("*Crystallex II*") // Joint Status Report

Dear Judge Stark:

      We represent defendant GLAS Americas LLC (the "Collateral Agent") in its capacity as Collateral Agent under the documents governing PDVSA's senior secured notes due 2020. In accordance with the Court's order of March 2, 2022 (D.I. 84) (the "March 2 Order"), the parties to that action respectfully submit this joint status report.

**The Collateral Agent's Position**:

      The Collateral Agent does not intend to make immediate motions seeking to lift the stay or to dismiss the complaint. In accordance with the March 2 Order, the Collateral Agent reserves the right to bring such motions in the future.

**Crystallex's Position**:

      Consistent with this Court's March 2 Order, Crystallex continues to believe judicial economy is best served by the continued stay of *Crystallex I* and *Crystallex II* pending resolution of the *Crystallex Asset Proceeding*. As previously stated, Crystallex is prepared, at the appropriate time, to amend its complaint in *Crystallex I* in accordance with the Third Circuit's guidance and to continue to prosecute *Crystallex II*. However, it remains Crystallex's hope that those efforts will be unnecessary if, as it expects, Crystallex's judgment can be satisfied through the sale of shares of PDVH that have been attached as a result of the *Crystallex Asset Proceeding*. Crystallex reserves all arguments, whether previously asserted or otherwise, that it has

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Leonard P. Stark
United States District Judge                                                                                               2

against any future attempt, by properly noticed motion, to seek to lift the stay or dismiss the complaint in *Crystallex II*.

**PDVSA's Position**:

Without prejudice to any of its rights or defenses, PDVSA agrees that this case should remain stayed pending resolution of the *Crystallex Asset Proceeding*.

**PDV Holding, Inc.'s Position**:

For the reasons PDV Holding, Inc. has stated in previous status reports in this matter, and consistent with this Court's March 2 Order, PDVH agrees with Crystallex's position that this case should remain stayed pending resolution of the *Crystallex Asset Proceeding*. PDVH reserves all rights and arguments regarding any future effort to seek to lift the existing stay. If, on a future date, the Court lifts the existing stay, PDVH reserves the right to address the propriety of the Amended Complaint in *Crystallex II* and reserves all rights regarding any effort by Crystallex to amend its complaint in *Crystallex I*.

**RTSA's Position**:

For the reasons stated most recently in the Joint Status Report dated May 27, 2021 (D.I. 83 at 21), RTSA maintains that the Court may dismiss *Crystallex II* with prejudice based on the Third Circuit's 2018 ruling that DUFTA does not support Crystallex's "non-debtor transferor" theory of liability, and any proposed amendment by Crystallex would be futile. Nevertheless, RTSA does not oppose a continued stay of these proceedings, nor does RTSA presently intend to file a motion to lift the stay or to dismiss the action. Additionally, for the avoidance of doubt and consistent with its representations in previous Joint Status Reports, RTSA reiterates that it has divested itself of the commercial obligations secured by the PDVH pledge.

\*   \*   \*

Counsel are available if the Court has any questions.

Respectfully submitted,

/s/ Daniel A. Mason

Daniel A. Mason

cc: Counsel of Record (Via ECF)